# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KATHRYN SACK                              *
111 David Terrace                         *
Charlottesville, VA  22903,               *
                                          *
        Plaintiff,                        *
                                          *
        v.                                *
                                          *
CENTRAL INTELLIGENCE AGENCY               *
Washington, DC  20505,                    *
                                          *
        and                               *
                                          *
DEPARTMENT OF DEFENSE                      *
1400 Defense Pentagon                     *
Washington, DC  20301,                    *    Civil Action No. 1:12-cv-_____
                                          *
        and                               *
                                          *
DEPARTMENT OF JUSTICE                      *    **COMPLAINT**
950 Pennsylvania Avenue, NW               *
Washington, DC  20530,                    *
                                          *
        and                               *
                                          *
OFFICE OF PERSONNEL                        *
MANAGEMENT                                *
1900 E Street, NW                         *
Washington, DC  20415,                    *
                                          *
        and                               *
                                          *
OFFICE OF THE DIRECTOR OF                  *
NATIONAL INTELLIGENCE                     *
Washington, DC  20511,                    *
                                          *
        Defendants.                       *
                                          *
*       *       *       *       *       *       *       *       *       *       *       *       *

Plaintiff Kathryn Sack brings this action against Defendants Central Intelligence Agency, Department of Defense, Department of Justice, Office of Personnel Management, and Office of the Director of National Intelligence pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Privacy Act, 5 U.S.C. § 552a, *et seq.* (collectively "FOIA/PA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(1)(D) and 28 U.S.C. § 1331.

## VENUE

2.      Venue is appropriate under 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(5) and 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiff Kathryn Sack ("Sack") is a U.S. citizen and is a resident of the Commonwealth of Virginia.

4.      Sack is a Ph.D. student at the University of Virginia working on her dissertation on polygraph bias.  The Director of Graduate Studies for the Department of Politics has authorized her to file FOIA requests as a representative of that institution.  She is therefore considered a representative of an educational or noncommercial scientific institution whose purpose is scholarly or scientific research within the meaning of 5 U.S.C. § 552(a)(4)(A).

5.      Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Sack which are the subject of this action.

6.      Defendant Department of Defense ("DOD") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Sack which are the subject of this action.

7.      The Defense Intelligence Agency ("DIA"), National Security Agency ("NSA"), and Office of the Secretary of Defense and Joint Staff ("OSD") are DOD components.

8.      Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Sack which are the subject of this action.

9.      The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and Federal Bureau of Investigation ("FBI") are DOJ components.

10.      Defendant Office of Personnel Management ("OPM") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Sack which are the subject of this action.

11.      The Federal Investigative Services Division ("FIS") is an OPM component.

12.      Defendant Office of the Director of National Intelligence ("ODNI") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Sack which are the subject of this action.

## FIRST CAUSE OF ACTION

## (CIA – CONSTRUCTIVE RECORDS DENIAL – F-2010-00048)

13.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

14.     On 28 September 2009 Sack submitted to CIA a FOIA/PA request for, *inter alia*, several categories of records about polygraphers and polygraph examinations.

15.     On 4 November 2009 CIA acknowledged receipt of this request and assigned it Request No. F-2010-00048.

16.     On 12 November 2009 Sack wrote to CIA amending the scope of this request.  On 16 December 2009, CIA acknowledged these amendments.

17.     As of this writing, CIA has not issued a final determination for this request.

18.     As twenty working days have elapsed without a substantive determination by CIA, Sack has exhausted all required administrative remedies.

19.     Sack has a legal right under FOIA/PA to obtain the information she seeks, and there is no legal basis for the denial by CIA of said right.

## SECOND CAUSE OF ACTION

## (CIA – CONSTRUCTIVE RECORDS DENIAL – F-2011-00798)

20.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

21.     On 13 February 2011 Sack submitted to CIA a FOIA request for records maintained by the CIA Office of Security pertaining to polygraph bias and the limitations of polygraph examinations ("the CIA Bias request").

22.     On 4 March 2011 CIA acknowledged receipt of this request and assigned it Request No. F-2011-00798.

23.     As of this writing, CIA has not issued a final determination for this request.

24.     As twenty working days have elapsed without a substantive determination by CIA, Sack has exhausted all required administrative remedies.

25.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by CIA of said right.

### THIRD CAUSE OF ACTION

### (CIA – CONSTRUCTIVE RECORDS DENIAL – F-2011-00799)

26.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

27.     On 13 February 2011 Sack submitted to CIA a FOIA request for records maintained by the CIA Office of Security representing aggregate data of polygraph examinations ("the CIA Aggregate Data request").

28.     On 4 March 2011 CIA acknowledged receipt of this request and assigned it Request No. F-2011-00799.

29.     As of this writing, CIA has not issued a final determination for this request.

30.     As twenty working days have elapsed without a substantive determination by CIA, Sack has exhausted all required administrative remedies.

31.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by CIA of said right.

## FOURTH CAUSE OF ACTION

## (CIA – CONSTRUCTIVE RECORDS DENIAL – F-2011-00800)

32.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

33.     On 13 February 2011 Sack submitted to CIA a FOIA request for records pertaining to equal employment opportunity rules and polygraphs ("the CIA EEO request").

34.     On 17 March 2011 CIA acknowledged receipt of this request and assigned it Request No. F-2011-00800.

35.     As of this writing, CIA has not issued a final determination for this request.

36.     As twenty working days have elapsed without a substantive determination by CIA, Sack has exhausted all required administrative remedies.

37.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by CIA of said right.

## FIFTH CAUSE OF ACTION

## (DIA – CONSTRUCTIVE RECORDS DENIAL – 0192-2011)

38.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

39.     On 14 February 2011 Sack submitted to DIA a FOIA request substantively comparable to the CIA Bias request.

40.     On 22 February 2011 DIA acknowledged receipt of this request and assigned it Request No. 0192-2011.

41.     As of this writing, DIA has not issued a final determination for this request.

42.     As twenty working days have elapsed without a substantive determination by DIA, Sack has exhausted all required administrative remedies.

43.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DIA of said right.

## SIXTH CAUSE OF ACTION

### (DIA – CONSTRUCTIVE RECORDS DENIAL – 0193-2011)

44.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

45.     On 14 February 2011 Sack submitted to DIA a FOIA request substantively comparable to the CIA Aggregate Data request.

46.     On 22 February 2011 DIA acknowledged receipt of this request and assigned it Request No. 0193-2011.

47.     As of this writing, DIA has not issued a final determination for this request.

48.     As twenty working days have elapsed without a substantive determination by DIA, Sack has exhausted all required administrative remedies.

49.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DIA of said right.

## SEVENTH CAUSE OF ACTION

### (DIA – CONSTRUCTIVE RECORDS DENIAL – 0194-2011)

50.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

51.     On 14 February 2011 Sack submitted to DIA a FOIA request substantively comparable to the CIA EEO request.

52.     On 22 February 2011 DIA acknowledged receipt of this request and assigned it Request No. 0194-2011.

53.     As of this writing, DIA has not issued a final determination for this request.

54.     As twenty working days have elapsed without a substantive determination by DIA, Sack has exhausted all required administrative remedies.

55.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DIA of said right.

## EIGHTH CAUSE OF ACTION

## (NSA – RECORDS DENIAL – 64009)

56.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

57.     On 14 February 2011 Sack submitted to NSA a FOIA request substantively comparable to the CIA Bias request.  This request included a request for classification as a representative of an educational institution and for a public interest fee waiver.

58.     On 10 March 2011 NSA acknowledged receipt of this request and assigned it Request No. 64009.  NSA stated that it was unable to locate any responsive records.

59.     On 12 May 2011 Sack appealed the adequacy of NSA's search.

60.     As of this writing, NSA has not issued a final determination for this appeal.

61.     As twenty working days have elapsed without a substantive determination by NSA, Sack has exhausted all required administrative remedies.

62.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by NSA of said right.

## NINTH CAUSE OF ACTION

## (NSA – CONSTRUCTIVE RECORDS DENIAL – 64011)

63.     Sack repeats and realleges the allegations contained in all paragraphs set forth

above.

64.     On 14 February 2011 Sack submitted to NSA a FOIA request substantively

comparable to the CIA Aggregate Data request.  This request included a request for classification

as a representative of an educational institution and for a public interest fee waiver.

65.     On 10 March 2011 NSA acknowledged receipt of this request and assigned it

Request No. 64011.

66.     As of this writing, NSA has not issued a final determination for this request.

67.     As twenty working days have elapsed without a substantive determination by

NSA, Sack has exhausted all required administrative remedies.

68.     Sack has a legal right under FOIA to obtain the information she seeks, and there is

no legal basis for the denial by NSA of said right.

## TENTH CAUSE OF ACTION

## (NSA – CONSTRUCTIVE RECORDS DENIAL – 64010)

69.     Sack repeats and realleges the allegations contained in all paragraphs set forth

above.

70.     On 14 February 2011 Sack submitted to NSA a FOIA request substantively

comparable to the CIA EEO request.  This request included a request for classification as a

representative of an educational institution and for a public interest fee waiver.

71.     On 10 March 2011 NSA acknowledged receipt of this request and assigned it

Request No. 64010.

72.     As of this writing, NSA has not issued a final determination for this request.

73.     As twenty working days have elapsed without a substantive determination by NSA, Sack has exhausted all required administrative remedies.

74.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by NSA of said right.

## ELEVENTH CAUSE OF ACTION

### (NSA – EDUCATIONAL FEE DENIAL – 64009, 64010, 64011)

75.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

76.     On 10 March 2011 NSA denied all three of Sack's requests for classification as a representative of an educational institution.  On 12 May 2011 Sack appealed these denials with respect to Request Nos. 64010 and 64011 (because Request No. 64009 had been closed with a "no records" response, an appeal of the fee category was moot at the time).

77.     As of this writing, NSA has not issued final determinations for these appeals.

78.     As twenty working days have elapsed without a substantive determination by NSA, Sack has exhausted all required administrative remedies.

79.     Sack has a legal right under FOIA to be classified as a representative of an educational institution, and there is no legal basis for the denial by NSA of said right.

## TWELFTH CAUSE OF ACTION

### (NSA – FEE WAIVER DENIAL – 64009, 64010, 64011)

80.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

81.     On 10 March 2011 NSA denied all three of Sack's requests for public interest fee waivers.  On 12 May 2011 Sack appealed these denials with respect to Request Nos. 64010 and 64011 (because Request No. 64009 had been closed with a "no records" response, an appeal of the fee waiver denial was moot at the time).

82.     As of this writing, NSA has not issued a final determination for these appeals.

83.     As twenty working days have elapsed without a substantive determination by NSA, Sack has exhausted all required administrative remedies.

84.     Sack has a legal right under FOIA to receive public interest fee waivers, and there is no legal basis for the denial by NSA of said right.

## THIRTEENTH CAUSE OF ACTION

## (DIA – CONSTRUCTIVE RECORDS DENIAL – 0069-2010)

85.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

86.     On 23 October 2009 Sack submitted to DIA a FOIA request for Department of Defense Polygraph Institute ("DoDPI") and Defense Academy of Credibility Assessment ("DACA") records about polygraphers and polygraph examinations.

87.     On 18 December 2009 DIA acknowledged receipt of this request and assigned it Request No. 0069-2010.

88.     As of this writing, DIA has not issued a final determination for this request.

89.     As twenty working days have elapsed without a substantive determination by DIA, Sack has exhausted all required administrative remedies.

90.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DIA of said right.

## FOURTEENTH CAUSE OF ACTION

## (DIA – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN NO. 1)

91.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

92.     On 21 November 2010 Sack submitted to DIA by email a FOIA request for DoDPI, DACA, and National Center for Credibility Assessment ("NCCA") records about polygrapher demographics.

93.     On 22 November 2010, Steve W., a DIA representative, replied to Sack's email and requested a mailing address, which she provided.

94.     Other than Steve W.'s initial email, DIA has not provided Sack with an acknowledgement of this request.  DIA has not responded to multiple requests for the request number it assigned to this request.

95.     As twenty working days have elapsed without a substantive determination by DIA, Sack has exhausted all required administrative remedies.

96.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DIA of said right.

## FIFTEENTH CAUSE OF ACTION

## (FBI – RECORDS DENIAL – 1143121-000)

97.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

98.     On 15 December 2009 Sack submitted to FBI a FOIA request for records about polygraphers and polygraph examinations.

99.     On 7 January 2010 FBI requested a more detailed request from Sack, which she submitted on 21 January 2010.

100.    On 16 February 2010 FBI acknowledged receipt of this request and assigned it Request No. 1143121-000.  FBI stated that it was unable to locate any responsive records.

101.    On 26 May 2010 Sack appealed the adequacy of FBI's search.

102.    On 8 October 2010 the Department of Justice Office of Information Policy ("OIP") denied this appeal.

103.    Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DOJ of said right.

## SIXTEENTH CAUSE OF ACTION

## (FBI – RECORDS DENIAL – 1169511-000, 1169511-001)

104.    Sack repeats and realleges the allegations contained in all paragraphs set forth above.

105.    On 5 July 2011 Sack submitted to FBI three FOIA requests for records about polygraphers and polygraph examinations.

106.    On 14 July 2011 FBI acknowledged receipt of the first of these requests and assigned it Request No. 1169511-000.

107.    On 12 September 2011 and 23 September 2011 FBI released records to Sack.

108.    On 11 October 2011 Sack appealed the adequacy of FBI's search.  On 21 December 2011 Sack submitted additional information regarding her appeal to OIP.

109.    On 21 February 2012 OIP denied this appeal.

110.    Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DOJ of said right.

## SEVENTEENTH CAUSE OF ACTION

## (FBI – RECORDS DENIAL – 1143121-001)

111.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

112.     On 5 July 2011 Sack submitted to FBI three FOIA requests for records about polygraphers and polygraph examinations.

113.     On 20 July 2011 FBI acknowledged receipt of the second of these requests and assigned it Request No. 1143121-001.  FBI stated that it was unable to locate any responsive records.

114.     On 16 August 2011 Sack appealed the adequacy of FBI's search.

115.     On 27 September 2011 OIP denied this appeal.

116.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DOJ of said right.

## EIGHTEENTH CAUSE OF ACTION

## (FBI – RECORDS DENIAL – 1169525-000)

117.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

118.     On 5 July 2011 Sack submitted to FBI three FOIA requests for records about polygraphers and polygraph examinations.

119.     On 14 July 2011 FBI acknowledged receipt of the third of these requests and assigned it Request No. 1169525-000.

120.     On 31 October 2011 FBI released redacted records to Sack.

121.    On 2 December 2011 Sack appealed the adequacy of FBI's search and all

Exemption (b)(7)(E) withholdings.

122.    As of this writing, OIP has not issued a final determination for this appeal.

123.    As twenty working days have elapsed without a substantive determination by

DOJ, Sack has exhausted all required administrative remedies.

124.    Sack has a legal right under FOIA to obtain the information she seeks, and there is

no legal basis for the denial by DOJ of said right.

<u>**NINETEENTH CAUSE OF ACTION**</u>

<u>**(FBI – CONSTRUCTIVE RECORDS DENIAL – 1180021-000)**</u>

125.    Sack repeats and realleges the allegations contained in all paragraphs set forth

above.

126.    On 21 December 2011 Sack submitted to FBI a FOIA request for, *inter alia*, the

FBI Polygraph Unit's *Policy Implementation Guide* and certain records from the Office of Equal

Employment Opportunity Affairs pertaining to allegations of discrimination in polygraph

examinations or background investigations.

127.    On 5 January 2012 FBI acknowledged receipt of this request, which it divided into

Request Nos. 1180020-000 (which is not part of this litigation), 1180021-000, and 1180022-000.

128.    As of this writing, FBI has not issued a final determination for Request No.

1180021-000.

129.    As twenty working days have elapsed without a substantive determination by FBI,

Sack has exhausted all required administrative remedies.

130.    Sack has a legal right under FOIA to obtain the information she seeks, and there is

no legal basis for the denial by FBI of said right.

## TWENTIETH CAUSE OF ACTION

## (FBI – CONSTRUCTIVE RECORDS DENIAL – 1180022-000)

131.    Sack repeats and realleges the allegations contained in all paragraphs set forth above.

132.    As of this writing, FBI has similarly not issued a final determination for Request No. 1180022-000.

133.    As twenty working days have elapsed without a substantive determination by FBI, Sack has exhausted all required administrative remedies.

134.    Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by FBI of said right.

## TWENTY-FIRST CAUSE OF ACTION

## (OSD – RECORDS DENIAL – 11-F-1226)

135.    Sack repeats and realleges the allegations contained in all paragraphs set forth above.

136.    On 5 July 2011 Sack submitted to OSD a FOIA request for all DOD records relating to the use of polygraphs by DOD components.

137.    On 22 September 2011 OSD acknowledged receipt of this request and assigned it Request No. 11-F-1226.  OSD stated that it was unable to locate any responsive records.

138.    On 17 October 2011 Sack appealed the adequacy of DOD's search.

139.    As of this writing, DOD has not issued a final determination for this appeal.

140.    As twenty working days have elapsed without a substantive determination by DOD, Sack has exhausted all required administrative remedies.

141.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DOD of said right.

## TWENTY-SECOND CAUSE OF ACTION

## (ODNI – CONSTRUCTIVE RECORDS DENIAL – DF-2012-00023)

142.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

143.     On 5 October 2011 Sack submitted to ODNI a FOIA request for certain records about polygraphers and polygraph examinations.

144.     On 27 December 2011 ODNI acknowledged receipt of this request and assigned it Request No. DF-2012-00023.

145.     As of this writing, ODNI has not issued a final determination for this request.

146.     As twenty working days have elapsed without a substantive determination by ODNI, Sack has exhausted all required administrative remedies.

147.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by ODNI of said right.

## TWENTY-THIRD CAUSE OF ACTION

## (OPM – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN NO. 2)

148.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

149.     On 5 July 2011 Sack submitted to OPM Headquarters by email a FOIA request for records about polygraphers and polygraph examinations.  Sack received an automatic email response from foia@opm.gov acknowledging this request.

150.    Other than the initial automatic email response, OPM has not provided Sack with an acknowledgement of this request.  OPM has not responded to multiple requests for the request number it assigned to this request.

151.    As twenty working days have elapsed without a substantive determination by OPM, Sack has exhausted all required administrative remedies.

152.    Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by OPM of said right.

### TWENTY-FOURTH CAUSE OF ACTION

### (FIS/DOD – RECORDS DENIAL – 2011-20612, UNKNOWN NO. 3)

153.    Sack repeats and realleges the allegations contained in all paragraphs set forth above.

154.    On 5 July 2011 Sack submitted to FIS a FOIA request for records about polygraphers and polygraph examinations.  At the request of an FIS representative, Sack elected on 11 July 2011 to tentatively limit the scope of this request to records about NSA as a test to determine what types of responsive records might exist.

155.    On 18 August 2011 FIS acknowledged receipt of this request and assigned it Request No. 2011-15980.  FIS stated that it was unable to locate any responsive records about NSA.  On 16 September 2011 Sack redefined the scope of the request to records about the Drug Enforcement Agency ("DEA") as another test.

156.    On 14 October 2011 FIS released records about DEA to Sack under the new Request No. 2011-20612.  FIS informed Sack that information had been referred to DEA and DOD for direct response to her.

157.     As of this writing, DOD has not provided Sack with an acknowledgement of these referred records.

158.     As twenty working days have elapsed without a substantive determination by DOD, Sack has exhausted all required administrative remedies.

159.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by OPM or DOD of said right.

## TWENTY-FIFTH CAUSE OF ACTION

### (FIS/ATF/DIA – RECORDS DENIAL – 2012-00881, 12-214, 0059-2012)

160.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

161.     On 14 October 2011 Sack submitted to FIS a FOIA request for records pertaining to periodic reviews of federal agencies' polygraph programs.

162.     On 16 November 2011 FIS acknowledged receipt of this request and assigned it Request No. 2012-00881.  FIS released some records and informed Sack that some information had been referred to ATF, DOJ, and the Department of Homeland Security ("DHS") for consultation, while other records had been referred to ATF, DIA, DHS, and DOJ for direct response to Sack.

163.     On 10 February 2012 FIS informed Sack that, after consultation with ATF, it was withholding some information.  On 13 February 2012 Sack appealed this determination.  As of this writing, OPM has not provided Sack with a response to this appeal.

164.     As of this writing, FIS has not provided Sack with a final determination for the information referred to DOJ for consultation.

165.    On 14 December 2011 ATF acknowledged receipt of the referred records and assigned them Request No. 12-214.  ATF released redacted records to Sack.  On 21 December 2011 Sack appealed this determination.  As of this writing, OIP has not provided Sack with a final determination for this appeal.

166.    On 14 February 2012 FIS informed Sack that DIA had assigned the referred records Request No. 0059-2012.  As of this writing, DIA has not provided Sack with an acknowledgement of these referred records.

167.    As twenty working days have elapsed without a substantive determination by OPM, DOJ, or DIA, Sack has exhausted all required administrative remedies.

168.    Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by OPM, DOJ, or DIA of said right.

## TWENTY-SIXTH CAUSE OF ACTION

## (DIA – CONSTRUCTIVE RECORDS DENIAL – 0135-2011)

169.    Sack repeats and realleges the allegations contained in all paragraphs set forth above.

170.    On 23 December 2010 Sack submitted to DIA a FOIA request for all correspondence between DIA employees or contractors and Sheila Reed, a well-known polygraph researcher, since 2002.

171.    On 5 January 2011 DIA acknowledged receipt of this request and assigned it Request No. 0135-2011.

172.    As of this writing, DIA has not issued a final determination for this request.

173.    As twenty working days have elapsed without a substantive determination by DIA, Sack has exhausted all required administrative remedies.

174.     Sack has a legal right under FOIA to obtain the information she seeks, and there is

no legal basis for the denial by DIA of said right.

## TWENTY-SEVENTH CAUSE OF ACTION

## (CIA – RECORDS DENIAL – F-2011-01758, F-2012-00500)

175.     Sack repeats and realleges the allegations contained in all paragraphs set forth

above.

176.     On 5 July 2011 Sack submitted to CIA a FOIA request for all correspondence

between CIA employees or contractors and Dr. Reed since 2002.

177.     On 11 August 2011 CIA acknowledged receipt of this request and assigned it

Request No. F-2011-01758.  CIA refused to process the request, stating that it did not reasonably

describe the records sought.  CIA stated, "We encourage you to refine the scope of your request

(such as including biographic information, a more specific time frame for, and narrower, more

specific descriptions of, the information you seek) to enable us to conduct a reasonable search for

responsive information."

178.     On 21 December 2011 Sack replied to CIA, providing biographic information for

Dr. Reed, explaining which personnel and which offices were likely to have responsive records,

and further narrowing the scope to records created between 2002-2005.  Sack explained that she

did not know the specific names of personnel who would have records, but then stated that the

Office of Human Resources should be able to identify them easily from the information she

provided.

179.     On 30 January 2012 CIA acknowledged receipt of this letter and assigned it a new

tracking identifier, Request No. F-2012-00500.  CIA still refused to process the request, stating

that it did not reasonably describe the records sought.  CIA stated, "We require requesters

seeking emails to provide the specific to and from recipients, time frame, and specific subject. We note that you have provided only one recipient and the time frame."

180.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by CIA of said right.

**TWENTY-EIGHTH CAUSE OF ACTION**

**(FBI – RECORDS DENIAL – 1169499-000)**

181.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

182.     On 5 July 2011 Sack submitted to FBI a FOIA request for all correspondence between FBI employees or contractors and Dr. Reed since 2002.

183.     On 14 July 2011 FBI acknowledged receipt of this request and assigned it Request No. 1169499-000.  FBI refused to process the request, stating, "Records pertaining to a third party generally cannot be released absent express authorization and consent of the third party, proof that the subject of your request is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records."

184.     On 15 August 2011 Sack appealed this determination, explaining that the request was for correspondence *with* Dr. Reed, not records *about* her, as well as explaining the public interest that would be served by the release of responsive records.

185.     On 15 February 2012 OIP denied this appeal.  OIP stated that FBI performed a search after Sack filed the appeal and located no responsive records, further stating that it found that FBI's search was adequate.

22

186.   Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DOJ of said right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kathryn Sack prays that this Court:

(1)   Order the Department of Defense to classify Sack as a representative of an educational institution;

(2)   Order DOD to grant Sack's requests for public interest fee waiver;

(3)   Order the Central Intelligence Agency, DOD, the Department of Justice, the Office of Personnel Management, and the Office of the Director of National Intelligence to provide all responsive records to Sack as soon as practicable;

(4)   Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(5)   Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 552a(g)(2)(A), 28 U.S.C. § 2412(d), or any other applicable law;

(6)   Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(7)   Grant such other relief as the Court may deem just and proper.

Date:   April 6, 2012

Respectfully submitted,

_____

Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA  22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*