## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHRYN SACK | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     Civil Action No. 12-0537 (RLW) |
| | ) |
| CENTRAL INTELLIGENCE AGENCY, et al. | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### MOTION TO SEVER FOR IMPROPER JOINDER AND
### FOR EXTENSION OF TIME TO ANSWER
### <u>PENDING RESOLUTION OF THIS MOTION</u>

Defendants, Central Intelligence Agency, Department of Defense, Department of Justice, Office of Personnel Management and Office of the Director of National Intelligence, by and through undersigned counsel, respectfully request this Court to sever the claims asserted against the defendants into five separate lawsuits and order the plaintiff to file an amended complaint in each of the severed actions addressing only her claims against the defendant in each action. Defendants also move for an extension of time to Answer the Amended Complaint pending resolution of this motion. The grounds for this motion are set forth more fully in the accompanying memorandum. Pursuant to Local Rule 7(m), counsel for Defendants has consulted with counsel for Plaintiff regarding the relief requested in this motion, and Plaintiff opposes this motion.

A proposed Order reflecting the requested relief is attached.

Respectfully submitted,

RONALD C. MACHEN JR.
D.C. BAR # 447889
United States Attorney for the District of Columbia


DANIEL F. VAN HORN
D.C. BAR # 924092
Acting Civil Chief


By: _____/s/_____
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0406
Jeremy.simon@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KATHRYN SACK                    )

         Plaintiff,         )

v.                          )     Civil Action No. 12-0537 (RLW)

CENTRAL INTELLIGENCE AGENCY, et al.  )

        Defendants.       )

## MEMORANDUM IN SUPPORT OF MOTION TO SEVER FOR IMPROPER JOINDER

As originally filed, this lawsuit involved approximately twenty-eight FOIA requests

directed to five distinct agencies (or components within those agencies).   Five were made to the

Central Intelligence Agency; twelve to the Department of Defense; six to the Department of

Justice; three to the Office of Personnel Management; and one to the Office of the Director of

National Intelligence.  On July 11, 2012, Plaintiff filed an Amended Complaint to add an

additional count based on yet another FOIA request directed to the CIA.[1]

While a plaintiff may join multiple claims against a single party without limitation, *see*

Fed. R. Civ. P. 18(a), the rules are more stringent as to when a plaintiff can join multiple parties

in a single lawsuit.  As discussed more fully below, a plaintiff "'cannot join defendants who

simply engaged in similar types of behavior, but who are otherwise unrelated; *some allegation of*

---

[1]Pursuant to the Court's minute order dated May 14, 2012, Defendants' time to answer or otherwise
respond to the Complaint was extended to, and including, July 13, 2012.  Plaintiff's filing of an Amended Complaint
on July 11, 2012 extends that deadline to the later of "the time remaining to respond to the original pleading or
within 14 days after service of the amended pleading." FRCP 15(a)(3).  Plaintiff provided a copy of the Amended
Complaint by email dated July 11, 2012, and, therefore, Defendants' deadline to respond to the Amended Complaint
(incorporating the three additional days under FRCP 6(d) due to the manner of service) currently is July 30, 2012.

*concerted action between defendants is required.*'" *Spaeth v. Michigan State Univ. College of Law,* 2012 U.S. Dist. LEXIS 20742, at *11 (D.D.C. Feb. 17, 2012) (quoting *Grynberg v. Alaska Pipeline Co.*, 1997 WL 33763820, at *1 (D.D.C. Mar. 27, 1997)) (emphasis in original; other citations omitted).   Joinder is therefore inappropriate here, where Plaintiff has not alleged that the Defendants conspired or otherwise acted in concert in their response to her FOIA requests, but simply seeks to combine what are properly five distinct lawsuits into a single action.   That Plaintiff's claims all arise under FOIA, and relate in some fashion to the subject matter of polygraph testing, is by itself not sufficient to support joinder under Federal Rule of Civil Procedure ("Rule") 20.

Accordingly, the Amended Complaint should be severed into five separate lawsuits and Plaintiff ordered to file amended complaints in each severed action, setting forth her claims against the appropriate defendant in each action.   Defendants also request that any further response to the Amended Complaint be deferred pending resolution of this motion.

## ARGUMENT

### I.   Planitiff Cannot Meet the Two-Prong Test For Joinder Required by Rule 20

Rule 21 provides that a "court may . . . sever any claim against a party." Fed. R. Civ. P. 21.  To determine whether parties are improperly joined under Rule 21, "courts apply the permissive joinder requirements of Rule 20(a)." *Davidson v. Dist. of Columbia*, 736 F.Supp. 2d 115, 119 (D.D.C. 2010) (citing *Montgomery v. STG Int'l, Inc.*, 532 F.Supp.2d 29, 35 (D.D.C. 2008)).  Rule 20 sets out a two-prong test for joinder, allowing defendants to be properly joined if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and if "any question of law or

2

fact common to all defendants will arise in the action." *Spaeth*, 2012 U.S. Dist. LEXIS at *9-10

(quoting Fed. R. Civ. P. 20). Each prong must be satisfied to permit joinder of parties. *See* Fed.

R. Civ. P. 20(a)(1).

To meet the first prong, claims "arising out of the same transaction, occurrence, or series

of transactions or occurrences," must be "logically related." *Spaeth*, 2012 U.S. Dist. LEXIS at

*11. A plaintiff "cannot join defendants who simply engaged in similar types of behavior, but

who are otherwise unrelated; *some allegation of concerted action between defendants is*

*required.*" *Id.* With regard to the second prong, claims merely "premised on the same legal

theory [are] insufficient for showing that they raise common 'questions of law or fact.'" *Id.* at

*13.

In *Spaeth*, the plaintiff tried to join in a single lawsuit claims of age discrimination

against multiple law schools to whom he had submitted applications for employment, alleging

that each of the law schools made offers to other candidates who were younger and less qualified

than him. The court severed these claims into separate lawsuits because, "other than 'the fact

that [Spaeth's] claims all arise under' the ADEA, Spaeth has 'offered nothing to suggest that the

claims are logically related in any way.'" *Id.* at *12. The court specifically noted that Spaeth

"has not alleged that defendants conspired in declining to interview him or offer him a job, nor

has he claimed that they acted pursuant to a shared policy." *Id.*

As in *Spaeth*, the Plaintiff here fails both the first and second prong of the Rule 20 test for

permissive joinder because her various FOIA claims against the multiple agencies are not

"logically related," nor do they all share a common question of law or fact. *See Spaeth*, 2012

U.S. Dist. LEXIS at *11. Plaintiff fails under the first prong because she does not allege any

concerted action between Defendants. And, while her requests were all filed and processed

under the FOIA, she has not asserted that each defendant acted pursuant to a shared policy in

responding to her FOIA requests. To the contrary, as Plaintiff notes in her complaint, the FOIA

requests are all presently at different stages in the administrative process. She claims that some

agencies failed to produce any documents in response to the requests (Am. Compl. ¶¶ 43, 49,

55); others allegedly failed to locate responsive documents (Am. Compl. ¶¶ 102, 110); others

allegedly denied the public interest fee waiver and have yet to make a final determination on

Plaintiff's appeal (Am. Compl. ¶¶ 83-84); and other agencies allegedly failed to formally

acknowledge receipt of the request (Am. Compl. ¶ 96). Plaintiff's acknowledgment that the

FOIA requests are all at different administrative stages evinces that there was no "concerted

action between defendants." *See Grynberg v. Alaska Pipeline Co.*, 1997 WL 33763820 at *1

(D.D.C., 1997). Other than the fact that the claims all arise under FOIA, Plaintiff has "offered

nothing to suggest the claims are logically related in any way." *See Davidson*, 736 F. Supp. 2d at

121.

    Plaintiff has also failed to meet the second prong of the Rule 20 test because she has

made no showing that there will be common questions of law or fact among the FOIA claims

against the five Defendants. Even if basing her lawsuits on the same statute was enough to join

these claims – which it is not, *see Spaeth*, 2012 U.S. Dist. LEXIS 51653 at *13 – Plaintiff is not

even pursuing the same legal theory against each agency under the FOIA. For instance, she

challenges the CIA's determination that her request was too broad (Am. Compl. ¶ 185), the

NSA's denial of her requests for public interest fee waivers (Am. Compl. ¶ 83), the FBI's denial

of her requests due to 3rd party concerns and the adequacy of the FBI's search for responsive

records (Am. Compl. ¶¶ 110, 116, 189), and the ATF's decision to release redacted records (Am. Compl. ¶ 171). These are separate theories that are unlikely to present common questions of law or fact.

While the requests fall in some fashion under the umbrella of polygraph testing, Plaintiff is not seeking a uniform set of documents from among the five Defendants, but rather is seeking information that each agency maintains, if at all, regarding various matters having some connection to polygraph testing, including with respect to data on polygraph testing, equal employment opportunity rules and polygraphs. (Am. Compl. ¶¶ 14, 21, 27, 35, 41, 47, 53, 59, 66, 72). Although Plaintiff refers to some of these requests as being "substantially similar" in the type of information being sought, Plaintiff does not allege that she expects the agencies to have the same records. Moreover, other requests are specifically targeted to particular agencies, such as the request to DIA for "Department of Defense Polygraph Institute ("DoDPI") and Defense Academy of Credibility Assessment ("DACA") records about polygraphers and polygraph examinations" (Am. Compl. ¶ 88), or the request to FIS (a component of OPM) for "records pertaining to period reviews of federal agencies' polygraph programs" (Am. Compl. ¶ 165), or the request to CIA for "all correspondence between CIA employees or contractors and Dr. Reed since 2002." (Am. Compl. ¶ 182) Plaintiff claims that some agencies responded that they could not locate any responsive records (Am. Compl. ¶¶ 102, 115, 141), whereas others are at different stages of the administrative process. Thus, Plaintiff cannot show that there are common questions of law or fact among her myriad of requests to these five agencies.

## II.    As Currently Postured, the Lawsuit is Overly Burdensome and Prejudicial to Defendants

Rule 20, is designed to "promote trial convenience and expedite the resolution of lawsuits." *Disparte v. Corporate Executive Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004) (quoting *Puricelli v. CNA Insurance Co.*, 185 F.R.D. 139, 142 (N.D.N.Y. 1999)) (internal quotation marks omitted). Specifically, the "logical relationship" test is a flexible standard, the purpose of which is "[to] entertain[] the broadest possible scope of action consistent with fairness to the parties." *Disparte*, 223 F.R.D. at 10 (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966)) (internal quotation marks omitted). Here, allowing the case to go forward without severance would not only prejudice the Defendants, but also would not be in the interest of judicial economy.

As currently postured, this lawsuit can only proceed to final judgment as quickly as the slowest of its component parts. With respect to some requests, some agencies have stated that no responsive records have been located and therefore only the adequacy of the search conducted by those agencies as to those requests is at issue (Am. Compl. ¶¶ 103, 110). Other requests are at different stages of processing among the various agencies, and depending on the amount of documents at issue and the FOIA exemptions implicated, the processing times will differ among these agencies. By combining mutiple FOIA requests directed to multiple agencies in a single lawsuit, this lawsuit will be prolonged unnecessarily for the agencies who are able to complete their processing and address any outstanding issues on a faster timetable than others. Under Rule 54(b), moreover, no decision in favor of any agency would be final until all claims in the case are resolved.

6

In addition, FOIA cases are resolved by dispositive motion following the processing of all responsive, non-exempt documents subject to FOIA that can be located based on a reasonable search. Given the number of claims at issue and the different processing times, it would be unwieldy, unfair and impractical for the agencies to address all claims in a single, dispositive motion. Staggered motions for summary judgment would also pose an administrative burden as they likely would be filed at different times depending on when processing has been completed. To the extent that there are any common issues of law or fact, the Court would need to defer ruling until the last of the motions are filed to avoid piecemeal adjudication. Rather than "expedit[ing] the resolution of [the lawsuit]," this posture is likely to delay resolution of the various claims involved in this case. *See Disparte*, 223 F.R.D. at 10.

Finally, to the extent that Plaintiff is successful on her FOIA claims as to one or more of the parties, and seeks to recover attorney's fees, it will be very difficult to segregate the fees between the unsuccessful and successful claims, or among the agencies against whom plaintiff prevails. This posture could prove particularly prejudicial to the agencies against whom fees are sought, as they could end up paying fees for time spent on claims on which plaintiff was not successful.

**III.     The Court Should Defer The Time Period for Defendants To Answer Until After Resolution of This Motion.**

Pursuant to the Court's order dated May 14, 2012, Defendants were afforded until, and including, July 13, 2012, to "answer or otherwise respond to the Complaint." Plaintiff's filing of an Amended Complaint on July 11, 2012 extends that deadline to July 30, 2012. *See supra* note 1. To the extent the filing of this motion is not itself sufficient to defer an answer to the

7

Amended Complaint pending its resolution, Defendants move the Court to extend the deadline for Defendants to answer pending resolution of this motion. In the event the Court grants the motion, Plaintiff should be required to file amended complaints in each of the severed actions asserting claims to the respective defendant in each action, which Defendants can then each answer in due course (Defendants propose 30 days). In the event the Court denies this motion, Defendants will require additional time to answer the unwieldly Amended Complaint in this action, which consists of almost 200 paragraphs. In that event, defendants would request an additional 45 days to answer.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to sever.

RONALD C. MACHEN JR.
D.C. BAR # 447889
United States Attorney for the District of Columbia

DANIEL F. VAN HORN
D.C. BAR # 924092
Acting Civil Chief

By: ____/s/____
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0406
Jeremy.simon@usdoj.gov