## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KATHRYN SACK,                          *
                                       *
          Plaintiff,                   *
                                       *
    v.                                 *
                                       *          Civil Action No. 1:12-cv-00537 (RLW)
CENTRAL INTELLIGENCE AGENCY,           *
*et al.*,                              *
                                       *
          Defendants.                  *
                                       *
*    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM IN OPPOSITION OF DEFENDANTS' MOTION
## TO SEVER FOR IMPROPER JOINDER

### INTRODUCTION

Plaintiff Kathryn Sack ("Sack") brought this case under the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a (collectively "FOIA/PA"), to obtain records about polygraph testing for use in her graduate research into polygraph bias.  Because all of Sack's claims within her First Amended Complaint are logically related, she properly joined as Defendants Central Intelligence Agency ("CIA"), Department of Defense ("DOD"), Department of Justice ("DOJ"), Office of Personnel Management ("OPM"), and Office of the Director of National Intelligence ("ODNI").  (First Am. Compl. ¶¶ 4-12 [hereinafter FAC].)  Defendants moved to sever Sack's First Amended Complaint pursuant to improper joinder under Federal Rule of Civil Procedure 20(a), asserting that Sack's claims are not logically related and do not arise under a common question of law or fact.  However, the standard for joinder under Rule 20(a) is broad and permissive, intended to promote trial convenience and preventing extraneous litigation.  *M.K. v. Tenet*, 216 F.R.D. 133, 143 (D.D.C. 2002).  A motion to sever should only be

granted when parties are misjoined under Rule 21 or to avoid prejudice under Rule 42(b) if they are not severed from the litigation.  *See Bederson v. United States*, 756 F. Supp. 2d 38, 54 (D.D.C. 2010) (acknowledging that read together, Rules 20 and 42(b) allow severance when parties cannot meet the requirements of joinder under Rule 20 and defendant can show prejudice as a result of not severing the litigation).  In order to determine whether a party has been misjoined under Rule 20(a), the court must examine two factors: (1) whether the claims arise under the same transaction or occurrence in that they are logically related, and (2) whether there is some common question of law or fact.  *Montgomery v. STG Intern., Inc.*, 532 F. Supp. 2d 29, 35 (D.D.C. 2008), citing *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).  Joinder is appropriate here, because Sack's claims are logically related as they all arise under her inquiry for records pertaining to polygraph testing, which is directly related to her dissertation research.  Furthermore, FOIA/PA is a statutory scheme that is universally applicable amongst all Defendants, as all government agencies are subject to the requirements of FOIA/PA, and the nature of the requested information virtually guarantees that different agencies will make similar if not identical arguments to withhold similar material.[1]

Accordingly, Sack respectfully requests that this Court dismiss Defendants' Motion to Sever.  Additionally, Sack requests that the Court deny the requested extension of time to

---

[1] Sixteen requests (Counts 1-10, 13-14, 22, 26-27, and 29) were made to intelligence agencies for information about the polygraph, a procedure used in security screening regularly claimed to be sensitive.  Seven requests (Counts 15-20 and 28) were made to the Federal Bureau of Investigation ("FBI") for similar records which are primarily maintained by its security and intelligence components.  Three requests (Counts 23-25) were made to OPM, the agency responsible for conducting security clearance investigations across the federal government.  The only remaining request (Count 21) was made to DOD with the expectation that most responsive records would be located in DOD intelligence components.  Clearly the arguments the government will make to withhold information from these various requests will be similar if not completely identical.

respond to the Amended Complaint, as the Court does not need to resolve the claim for severance before proceeding on the claims for relief within the First Amended Complaint.

## STATEMENT OF FACTS

Sack is a Ph.D. student at the University of Virginia, which qualifies as a representative of an educational institution under within the meaning of 5 U.S.C. § 552(a)(4)(A).  (FAC ¶ 4.) She has requested several categories of records dealing with polygraph testing in order to complete her dissertation on polygraph bias.  Many of these requests are for identical types of records maintained by different agencies.  (*E.g.*, *compare id.* ¶¶ 20-33 (CIA "Bias," "Aggregate Data," and "EEO" requests), *with id.* ¶¶ 40-57 (DIA requests), 58-76 (NSA requests).)  Having exhausted the administrative remedies available to her, Sack filed a complaint against these agencies on 14 February 2012, which she amended on 11 July 2012 to assert an additional count against CIA (Count 29).  Each claim within the First Amended Complaint deals specifically with records that have been requested for Sack's dissertation research regarding polygraph bias.

## STANDARD OF REVIEW

When considering whether a party has been properly joined under Rule 20(a), a broad application is encouraged while remaining consistent with fairness to the parties.  *M.K.*, 216 F.R.D. at 143, citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) [hereinafter *UMW*].  Under Rule 20(a), claims against multiple defendants may be joined if the claims arise out of the same transaction or series of transactions and there is a common question of law or fact.  Fed. R. Civ. P. 20(a).  In fact, the question of law or fact may be a common scheme or pattern of behavior. *M.K.*, 216 F.R.D. at 142, citing *In re Vitamins Antitrust Litig.*, No. 99-197, 2000 U.S. Dist. LEXIS 7397, at *75-76 (D.D.C. 2000).  The permissive joinder standards of Rule 20(a) promote efficient, expeditious litigation in the courts.  *Bederson*, 756 F.

3

Supp. 2d at 53-54.  The goal of a broad joinder standard is to "prevent multiple lawsuits, extra

expense to the parties, and loss of time to the court."  *M.K.*, 216 F.R.D. at 143, citing *UMW*, 383

U.S. at 715.  Furthermore, the "broadest possible scope of action" when considering the joinder

of parties is "strongly encouraged."  *UMW*, 383 U.S. at 724.  Additionally, a plaintiff is not

required to prove that it meets the standards of Rule 20; rather, a plaintiff is only required to

allege that it is possible to merit joinder.  *Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7, 15-16

(D.D.C. 2004).

**ARGUMENT**

**I.     The Defendant's Motion to Sever should be denied, because Sack has satisfied the permissive joinder requirements under Rule 20(a).**

Sack's joinder of Defendants is permissible under Rule 20(a) because the claims against

Defendants logically arise out of the same occurrence or transaction and concern at least one

common question of law or fact.  Rule 20(a) sets out two requirements: (1) that the claims arise

out of the same transaction or occurrence, and (2) that there is a common question of law or fact

joining the claims.  Fed. R. Civ. P. 20(a).  When considering whether to sever a claim for

misjoinder under Rule 21, the Rule 20(a) standard is to be interpreted liberally to promote

judicial efficiency and economy.  *Bederson*, 756 F. Supp. 2d  at 53-54.  Defendants may not

"simply be engaged in similar types of behavior" and the claims may not merely be "premised on

the same legal theory."  *Spaeth v. Michigan State Univ. College of Law*, No. 11-1376, 2012 U.S.

Dist. LEXIS 20742, at *11 (D.D.C. Feb. 17, 2012).  Rather, the plaintiff must show the claims to

be logically related and that they share a common question of law or fact.  *Id*.  However, while

the second prong of Rule 20(a) requires a related question of law or fact, not all issues have to be

common to all parties that are joined. *Montgomery*, 532 F. Supp. 2d at 35, citing *Disparte*, 223 F.R.D. at 11.

The first prong requires that the claims arise out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a); *Bederson*, 756 F. Supp. 2d at 53-54. The second prong requires "only" that there be some common question of law or fact. Fed. R. Civ. P. 20(a); *Bederson*, 756 F. Supp. 2d at 54. Under the broad and permissive two-prong test for joinder for Rule 20(a), Sack meets both requirements and has properly joined all five Defendants.

> **A.     Sack meets the first prong of the test for joinder under Rule 20(a) because the claims are logically related.**

Under the first prong of the test, the claims must be logically related. *Moore v. N.Y. Cotton Exchange*, 270 U.S. 593, 610 (1926). In determining what constitutes a claim that is logically related, the "impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties." *Lane v. Tschetter,* No. 05-1414, 2007 U.S. Dist. LEXIS 49524, at *20 (D.D.C. July 10, 2007), quoting *UMW*, 383 U.S. at 724. This standard is intended to be flexible, as it promotes judicial efficiency. *Disparte*, 223 F.R.D. at 11, citing *UMW*, 383 U.S at 724. Claims may not be considered to have arisen "under the same transaction or occurrence" if they consist of similar acts but occur at different times under differing circumstances. *Montgomery*, 532 F. Supp. 2d at 35.

In her complaint, Sack has joined Defendants CIA, DOD, DOJ, ODNI, and OPM in a case dealing with her FOIA/PA requests to those various agencies. The logical relationship between Sack's claims is simple fact that all the requests are for similar records about polygraphs and polygraph bias. (FAC *passim*.) Defendants' baseless assertion that each agency's situation

is different and unique "does not automatically bring such claims outside the same transaction or occurrence" and is without merit. *Montgomery*, 532 F. Supp. 2d at 36, citing *Puricelli v. CNA Ins. Co*, 185 F.R.D. 139, 142 (N.D.N.Y. 1999). While each agency is not expected to have the exact same records, and therefore the claims will not be *identical*, each agency is expected to have similar types of records and is expected to claim similar reasons for withholding at least some of them. Each claim arose "out of the same transaction or occurrence" in that the vast majority of the requests were filed within a limited time of each other and as part of a concerted effort to obtain U.S. government records about polygraphs.

Though Defendants contend that joinder is inappropriate because Sack has not proven that Defendants have not acted in concert to deny or otherwise obstruct her FOIA/PA requests, this assertion misses the mark. Unlike the plaintiff in *Spaeth*, Sack is not dealing with separate institutions with separate policies. Whereas each defendant in *Spaeth* had its own independent hiring criteria, each of the agencies named as a defendant in this case is bound by the exact same restrictions under FOIA/PA.

Additionally, it is common practice to file FOIA/PA requests with multiple agencies for similar materials. As a result these agencies are often joined as defendants in the same litigation dealing with those very same FOIA/PA requests. *See, e.g.*, *Am. Civil Liberties Union v. DOD*, 628 F.3d 612 (D.C. Cir. 2011) (joining DOD and CIA); *Feinman v. FBI*, 713 F. Supp. 2d 70 (D.C. Cir. 2010) (joining FBI and the DOJ Executive Office of U.S. Attorneys); *Greenberg v. Dep't of the Treasury*, 10 F. Supp. 2d 3 (D.C. Cir. 1998) (joining Treasury, DOJ, State, and CIA); *Oglesby v. Dep't of the Army*, 79 F.3d 1172 (D.C. Cir. 1996) (joining Army, CIA, FBI, NARA, NSA, and State); *Exxonmobil Corp. v. Dep't of Commerce*, 828 F. Supp. 2d 97 (D.D.C. 2011) (joining Commerce and the EPA); *Physicians for Human Rights v. DOD*, 675 F. Supp. 2d

149 (D.D.C. 2009) (joining DOD, DIA, USSOCOM and USCENTCOM); *Brehm v. DOD*, 577 F.

Supp. 2d 446 (D.D.C. 2008) (joining DOD and CIA); *Trulock v. DOJ*, 257 F. Supp. 2d 48

(D.D.C. 2003) (joining DOJ, CIA, and DOE).[2]  In this case, all the requested records relate to a

fairly narrow subject, making joinder appropriate.  If anything, it is too early in the litigation to

determine the degree of similarity between the respective agencies' records.  *See Montgomery*,

532 F. Supp. 2d at 36 (explaining that severance would be premature as the plaintiffs had

"alleged a possible basis to meet Rule 20's requirements," which was sufficient to meet the

standard of Rule 20).

> **B.      Sack meets the second prong of the test for joinder under Rule 20(a) because
> the claims arise under some common law or fact.**

The second prong of the Rule 20 test requires that the joined claims must share a common

question of law or fact.  Fed. R. Civ. P. 20(a).  Like the first prong of the test, this prong should

also be construed liberally.  *Davidson v. Dist. of Columbia*, 736 F. Supp. 2d 115, 119-120

(D.D.C. 2010).  Claims that challenge denials of similar FOIA/PA requests implicate a common

question of law or fact.  Though Defendants assert that the second prong of Rule 20 is not met

because not every agency is being pursued under the same legal theory, the standard for Rule 20

does not require every legal theory to be identical for every party, so long as there is *some*

common question of law or fact.  *Davidson*, 736 F. Supp. 2d at 120; *Montgomery*, 532 F. Supp.

2d. at 35.  Sack clearly alleges that there is some common law or fact shared amongst the joined

claims.  While it is true that some of the requests have not been completed yet while others have

been, in FOIA/PA litigation a cause of action brought under a constructive denial theory does not

evaporate when the agency responds to the request.  For all of the agencies sued under this

---

[2] This list is far from a comprehensive list of all cases in this Circuit where this is true.

theory, they will also have to justify any withholdings they make once they do process the requests.  Of the five agencies joined as Defendants, not one has provided fully unredacted records in response to *any* of Sack's requests, of which the requests in this case are but a subset.  Despite the unassailable fact that the U.S. government considers polygraph records to be very sensitive, Defendants expect the Court to accept that at one point or another in each agency's processing of Sack's requests, it will not withhold some information citing one of only a handful of justifications that will also be invoked by the others.  Such an expectation is wholly unrealistic, and the expected similarity between the withholding justifications made for these polygraph records is more than sufficient to warrant joinder.

Contrary to Defendants' argument that "common issues of law does not mean common issues of an area of law," the standard for Rule 20 *does* mean "common legal or factual questions."  *Spaeth*, 2012 U.S. Dist. LEXIS at *3 (emphasis added).  While the test does not allow for these claims merely to be "premised on the same legal theory," *id.* at *11, under the liberal standards of Rule 20, Sack's allegations constitute the presence of a common question of law or fact.  *Bederson*, 756 F. Supp. 2d at 54.  Furthermore, as Defendants have not yet even answered the First Amended Complaint, it is too early in the litigation to rule out that there are no additional common questions of law or fact.  *See Montgomery*, 532 F. Supp. 2d at 36 (asserting that severance too early in litigation would be inappropriate and premature if it stifled discovery).

## II.    The lawsuit, as postured, is not overly burdensome to the Court nor is it prejudicial under Rules 21 and 42(b).

The synergy between Rule 42 for consolidation and Rule 21 for severance furthers the policy of judicial expediency and the prevention of prejudice.  Rule 42 generally grants the Court

the discretion to consolidate cases sharing common issues of law or fact provided that the

consolidation "would serve the interests of judicial economy, and the parties would not be

prejudiced." *Judicial Watch, Inc. v. Dep't of Energy*, 207 F.R.D. 8, 8 (D.D.C. 2002).

Conversely, the Court may sever under Rule 21 when the improper joinder of cases under Rule

20 impedes judicial economy and creates prejudice. *See Bederson*, 756 F. Supp. 2d at 53

(explaining that the Defendant moved for severance for misjoinder under Rule 21 and 42(b),

claiming prejudice). Rule 42(b), read in conjunction with Rule 21, allows the Court to sever

claims "in furtherance of convenience or to avoid prejudice, or when separate trials will be

conducive to expedition and economy." *See Disparte*, 223 F.R.D. at 12, citing Fed. R. Civ. P.

42(b). Severing the claims and going forward with five distinct lawsuits would distinctly hinder

judicial economy.[3] Further, Defendants are not prejudiced by a denial of severance.

      Defendants' Motion to Sever does not include any motion to transfer or otherwise change

the venue of any of the claims. If severed, all five claims will remain in the present venue, the

U.S. District Court for the District of Columbia. Further, Defendants cannot claim the need for

severance based on prejudice, because if Sack's claims are severed, all the lawsuits will be still

be adjudicated in the same jurisdiction.[4] This is contrary to the very essence of judicial

efficiency and creates unnecessary and extraneous litigation. *See Middlebrooks v. Godwin Corp.*,

---

[3] Furthermore, it is not even clear how the dividing lines would be drawn between severed counts. Defendants' arguments about claims needing to be severed according to their respective places in the FOIA/PA process lie at right angles to their arguments that the claims should be severed along agency lines. Defendants stumble over their own arguments in an attempt to "throw something at the wall that sticks," succeeding only in proving the complete lack of merit behind this frivolous and dilatory Motion.

[4] Moreover, given the common threads running between the counts, any severed cases would be filed as "related cases," which would bring them right back before this Court.

279 F.R.D. 8,12 (D.D.C. 2011) (explaining that grouping claims that have the same legal root avoids the "squandering of resources in unnecessary proceedings").

Additionally, the argument that Defendants are prejudiced because the litigation "can only proceed to final judgment as quickly as the slowest components" has little merit when Defendants then proceed to further delay the litigation by delaying their responses to the complaint. (Defs.' Mem. Supp. Mot. Sever for Improper Joinder at 6, 7.) Though the claims may be severed, there is no guarantee that each of the individual claims would proceed any faster through the Court's docket independently. Plus, while the case may not "proceed to *final* judgment" as soon as Defendants' like, the Court is fully capable of handling staggered motions for summary judgment, as is standard practice in such cases, and it would not create an administrative burden sufficiently distinct from those normally imposed on litigants in the federal system. All litigants must endure staggered motions and divergent timelines for responses as a part of the procedural process of litigation, regardless of whether there is one defendant or five. Though denying severance may not "expedite the resolution of the *lawsuit*," *Disparte*, 223 F.R.D. at 10 (emphasis added), it will promote the conservation of judicial resources and avoid unnecessary additional proceedings. *Middlebrooks*, 279 F.R.D. at 12. In fact, since at least one count for each Defendant has yet to be processed by the respective agency, severing the case along agency lines would not even expedite the resolution of any of the newly severed cases.

Finally, addressing Defendants' assertion that attorneys' fees, should Sack prevail, would be too difficult to segregate, this fact even if true would not be prejudicial to Defendants. This factor is only prejudicial if the Court is unable to find an equitable resolution at the time of the

fee petition, and Sack remains confident that the Court is fully capable of equitably segregating the appropriate fees at the appropriate time should the need arise.[5]

In short, Defendants' Motion is frivolous and dilatory and has been offered (without any citation to any precedent in this or any other court) only to obtain a litigation advantage by attempting to ensure that the largest number of judges possible review their similar arguments regarding similar records, so as to mitigate any losses. This case was randomly assigned to this Court according to the established rules, and the Court should not indulge Defendants' transparent attempt at judge-shopping. After extensive research the undersigned has been unable to locate *a single case* where a court has severed individual FOIA/PA counts from each other in the fashion requested by Defendants.[6] If Defendants had a non-dilatory purpose for filing this Motion, they would not have sought to delay *every other filing* until after this Motion was decided.

## CONCLUSION

For the foregoing reasons, Sack respectfully requests that the Court dismiss Defendants' Motion to Sever. As an interim measure, Sack further requests that the Court order Defendants to promptly respond to the First Amended Complaint and remove the stay currently in force on the briefing.

A proposed Order accompanies this Opposition.

---

[5] Not to mention that it is the undersigned's standard practice to segregate his billing according to count in complex litigation to avoid just this problem.

[6] The undersigned concedes that he located one case in which a court severed a FOIA count from the rest of a FOIA complaint because the plaintiff did not even allege that the requests were related in any fashion. *See Robert v. DOJ*, No. 05-2543, 2005 U.S. Dist. LEXIS 33793, at *30 n.2 (E.D.N.Y. Dec. 12, 2005). In contrast, Plaintiff has always maintained that the requests at issue in this case are logically related, rendering *Robert* inapposite.

Date:   July 30, 2012

Respectfully submitted,

   /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA  22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*