UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
KATHRYN SACK,                       )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )   Civil Action No. 1:12-cv-00537 (CRC)
                                    )
CENTRAL INTELLIGENCE AGENCY,        )
                                    )
    Defendant.                      )
_____ )

**OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY
THE COURT'S 21 JANUARY 2015 MINUTE ORDER AND CROSS-MOTION TO
RECONSIDER THE COURT'S 4 MAY 2015 ORDER**

Defendant Central Intelligence Agency ("CIA") opposes Plaintiff Kathryn Sack's ("Sack") Motion to Modify the Court's January 21, 2015 Minute Order because the time to request an extension to notice an appeal in this FOIA suit expired before Plaintiff filed her May 1, 2015 *Ex Parte* Motion for Enlargement of Time to File Her Notice of Appeal. By filing that motion *ex parte* under Federal Rule of Appellate Procedure 4(a)(5)(B), Plaintiff incorrectly represented to the Court that the time to appeal had not yet expired. *See* Fed. R App. P. 4(a)(5)(B) ("A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be *ex parte* unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.") Accordingly, the Court granted Plaintiff's motion on May 4, 2015 before CIA had an opportunity to respond. In another recent FOIA action Sack also brought against CIA (Case No. 12-cv-244), Judge Sullivan decided a similar issue and denied Sack's motion, holding that Plaintiff had foregone both her period to notice an appeal and the subsequent period to request an extension.

The same reasoning applies here, and accordingly, CIA seeks reconsideration of the Court's May 4, 2015 order granting Plaintiff's May 1, 2015 *ex parte* motion to extend her time to appeal.

## Background

By order dated September 16, 2014, as modified by order dated November 19, 2014, the Court granted in part and denied in part CIA's Motion for Summary Judgment, and ordered CIA to make a supplemental disclosure and submission with respect to certain withholdings under FOIA by December 4, 2014. (ECF No. 47, as modified by minute order dated Nov. 19, 2014.) On December 2, 2014, the parties filed, and the Court granted, a Joint Motion to Vacate the latter part of the Court's order, ending the case on the merits and leaving unresolved only the issue of attorney's fees. (ECF No. 50 and Minute Order of Dec. 2, 2014.) In a subsequent filing, Plaintiff acknowledged that the December 2, 2014 order "effectively clos[ed] the case." (ECF No. 51.) Based on the December 2, 2014 Minute Order, the deadline to notice an appeal was February 2, 2015.[1] Accordingly, the deadline for Plaintiff to move to extend the deadline to file a notice of appeal was March 4, 2015.[2]

After Plaintiff filed on January 14, 2015 a Consent Motion for Enlargement of Time to File Joint Status Report with respect to the issue of attorneys' fees, which was granted in a Minute Order on January 21, 2015, the parties filed joint status reports on February 13, 2015 and February 26, 2015. (ECF Nos. 51-54.) The parties then filed their Settlement on the issue of attorneys' fees and costs on March 11, 2015. (ECF No. 55.) On May 1, 2015, Plaintiff filed an *ex parte* motion for an extension of her deadline to notice an appeal. (ECF No. 56.) That motion was granted on May 4, 2015 before CIA had seen a copy of that *ex parte* motion or had an

---

[1] The 60 day statutory period for noticing an appeal ended on Saturday, January 31, 2015, pushing the filing deadline to February 2, 2015. *See* Fed. R. App. P. 4(a)(1)(B).

[2] The 30 day statutory period for requesting an extension to file a notice of appeal ended on March 4, 2015, thirty days after the time prescribed by Rule 4(a) expired. *See* Fed. R. App. P. 4(a)(5)(A).

opportunity to respond in opposition. (ECF No. 57.) Plaintiff now requests that the Court modify the January 21, 2015 order, which granted an extension to file a joint status report, to include language indicating that the Order also extended Plaintiff's deadline to file an appeal. (ECF No. 58.)

## Argument

CIA opposes Plaintiff's motion to modify the Court's January 21, 2015 order, and seeks reconsideration of the Court's May 4, 2015 Minute Order granting Plaintiff's motion to extend the time to notice an appeal, because Plaintiff's motion is untimely. Plaintiff filed her motion requesting an extension of time to appeal almost two months after the period to extend the appeal deadline expired. A notice of appeal "may be filed by any party within 60 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(B). This deadline may be modified only if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." Fed. R. App. P. 4(a)(5). The period within which a notice of appeal must be filed begins to run upon entry of a "final decision []." 28 U.S.C. § 1291. The appeal period expired on February 2, 2015, sixty days after the December 2, 2014 Minute Order, and the time to seek an extension to notice an appeal expired on March 4, 2015, thirty days after the appeal deadline. *See* Fed. R. App. P. 4(a).

Rule 54(b) governs reconsideration of orders that do not constitute final judgments, such as the Court's May 4, 2015 Minute Order granting Plaintiff's *ex parte* motion requesting an enlargement of time to notice an appeal. The Court may grant motions to reconsider "as justice requires." *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005). "Asking 'what justice requires' amounts to determining, within the court's discretion, whether reconsideration is necessary under the relevant circumstances." *Id.* The Court has held that even when justice

3

may not require reconsideration, a decision to reconsider is within the court's discretion if there is "good reason" to do so. *In Def. of Animals v. NIH*, 543 F. Supp. 2d 70, 76 (D.D.C. 2008). However, because Plaintiff's May 1 motion to extend her time to notice an appeal was untimely, and the timely filing of a notice of appeal is jurisdictional, *see Bowles v. Russell*, 551 U.S. 205, 206 (2007), the Court should grant Defendant's cross-motion for reconsideration and deny Plaintiff's motion to modify.

The parties agree that the December 2, 2014 order constituted a final decision. The Court of Appeals has held that "[a] decision is not final unless it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Blue v. D.C. Pub. Schs.*, 764 F.3d 11, 15 (D.C. Cir. 2014) (quoting *Van Cauwenberge v. Biard*, 486 U.S. 517, 521-22 (1988)). The Supreme Court has held that decisions based on the merits are final regardless of any remaining ancillary disputes, and that as a "uniform rule," disputes over attorney's fees do not prevent judgments on the merits from being final. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199-203 (1988); *accord, e.g., Shultz v. Crowley*, 802 F.2d 498, 502 n.1 (D.C. Cir. 1986) ("[O]ne necessary consequence of characterizing requests for statutory attorney's fees as separate from and collateral to judgments on the merits is that the pendency of such requests can have no effect on the finality (and thus the appealability) of a judgment finally disposing of the merits of a case."). Here, Plaintiff has conceded that the December 2, 2014 order "effectively clos[ed] the case." (ECF No. 51.) Accordingly, the Court entered a final decision in this matter when it entered an order on December 2, 2014 granting the parties' joint motion to vacate.

In two similar Freedom of Information Act cases, courts in this circuit have held that when only requests for attorney's fees remain, the case is considered "immediately appealable." *See* Mem. Op. at 5-6, ECF No. 48, *Sack v. CIA*, No. 12-cv-244 (D.D.C. June 1, 2015); *see also*

*Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 224 (D.D.C. 2011). Here, after the Court's December 2, 2014 order granted the parties' joint motion to vacate, "only a statutory request for attorney's fees remain[ed]," so "the judgment [was] final and immediately appealable." *See Elec. Privacy Info. Ctr.*, 811 F. Supp. 2d at 224. Accordingly, the Court's December 2, 2014 order constituted a "final decision" within the meaning of 28 U.S.C. § 1291, and Plaintiff's motion under FRAP 4(a)(5) was due no later than March 4, 2015.

Plaintiff did not request an extension of her appeal deadline until May 1, 2015. (ECF No. 56.) That request is untimely. *See* Fed. R. App. P. 4(a)(5). Moreover, "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles*, 551 U.S. at 206-07; *see also Moore v. S.C. Labor Bd.*, 100 F.3d 162, 163 (D.C. Cir. 1996) (per curiam) (citing *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978)). After expiration of the thirty-day extension period provided for in Fed. R. App. P. 4(a)(5), neither the District Court nor the Court of Appeals "may grant a further extension of time." *Ali v. Lyles*, 769 F.2d 204, 205 (4th Cir. 1985) (citing *inter alia Felix v. Cardwell*, 545 F.2d 92 (9th Cir. 1976), *cert. denied*, 430 U.S. 910 (1977)); *see also United States v. Cheek*, 761 F.2d 461, 462-63 (8th Cir. 1985) (after extension period expires, District Court lacks jurisdiction to consider untimely motion and thus "lack[s] authority to decide whether [party] had shown excusable neglect for the delay"). Because appeal deadlines are jurisdictional, "no action of the parties can confer subject-matter jurisdiction upon a federal court." *Ins. Corp of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Moreover, even when an untimely appeal is filed in reliance on a District Court's order, the Court of Appeals is deprived of jurisdiction. *Bowles*, 551 U.S. at 206-07. Here, the Plaintiff's request for an extension is untimely, depriving the Court of Appeals of jurisdiction over an appeal on the merits. *See id.*

Plaintiff's contention that Rule 58(e) allows the Court to treat a timely fee petition as a Rule 59(e) motion, thereby tolling the appeal deadline, fails in multiple respects.  Judge Sullivan held in the other *Sack v. CIA* matter that for Rule 58 to apply, two conditions must be met: "(1) 'a timely motion for attorney's fees' must be 'made under Rule 54(d)(2)'; and (2) 'the court' must exercise its discretion to 'act before a notice of appeal has been filed and become effective to order that the motion have' a tolling effect."  Mem. Op. at 9, Case No. 12-cv-244, June 1, 2015, ECF No. 48 (citing Fed. R. Civ. P. 58(e)).  The Court held that neither condition was met because the plaintiff never actually filed a fee petition, nor did she ask the Court to exercise its discretion to order any attorneys' fees motion to have a tolling effect.  *Id.*  The same reasoning applies here, as Plaintiff never filed a fee petition, as is expressly required under Rule 58.

Judge Sullivan also observed that plaintiff provided no authority for how "filing a fee petition somehow impliedly satisfied Rule 58(e)'s requirement of a *Court Order* designating a *pending motion* for attorney's fees as having a tolling effect on an appeal deadline."  *Id.* at 10.  Plaintiff now raises the same issue here, seeking to modify the January 21, 2015 order to reflect that the Court intended the extension of time to file a status report on the fee issue to toll the appeal deadline.  Such a modification would require the Court to hold that the Plaintiff's request for an extension of time to file a notice of appeal was implied within the January 14, 2015 Consent Motion for Enlargement of Time to File Joint Status Report, and that the Court impliedly granted such a request in its January 21, 2015 Minute Order.  Plaintiff, however, provides no persuasive authority for the proposition that an extension of time to appeal can be impliedly requested or impliedly granted.

Plaintiff ultimately provides no support that a motion to extend the time to file a notice of appeal can be implied or impliedly granted by the Court, and Plaintiff's actual motion to extend

6

her time to file a notice of appeal was filed almost two months after the deadline. Moreover, after the thirty day period to move to extend the appeal deadline expired on March 4, 2015, the Court did not have jurisdiction to further extend the deadline to notice an appeal, and the Court of Appeals would not have jurisdiction over such an appeal on the merits. Indeed, any appeal that Plaintiff might yet file could be subject to an immediate motion in the Court of Appeals that that Court must dismiss the appeal for lack of jurisdiction. Accordingly, the Court should deny Plaintiff's motion to modify, and grant Defendant's motion for reconsideration.

Pursuant to Local Rule 7(m), counsel for Defendant sought Plaintiff's consent to the relief requested in this motion and counsel for Plaintiff stated that he did not consent to the relief requested.

        Respectfully submitted,

        VINCENT H. COHEN, JR., D.C. BAR #471489
        Acting United States Attorney
        for the District of Columbia

        DANIEL F. VAN HORN, D.C. BAR# 924092
        Civil Chief

By: /s/
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528