**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**KATHRYN SACK**,

        Plaintiff,

        v.

**CENTRAL INTELLIGENCE AGENCY**,

        Defendant.

Case No. 12-cv-00537 (CRC)

---

**MEMORANDUM OPINION AND ORDER**

On September 16, 2014, the Court issued an Order granting in part and denying in part the Central Intelligence Agency's ("CIA's") motion for summary judgment in this Freedom of Information Act ("FOIA") case. The question now before the Court is whether it was within the Court's power to grant the Plaintiff, Kathryn Sack, an extension of time to appeal its summary-judgment order. The parties agree that the technical requirements for extending the deadline to appeal were not met because Sack did not file her extension motion within the applicable deadline and did not file a fee petition, which could have tolled that deadline. But Sack contends that the appeal deadline should nonetheless be extended after the fact because the parties were in the process of negotiating fees when the extension deadline passed. The Court cannot extend the appeal deadline on this basis, however, because the filing of a timely motion to extend the appeal deadline is a mandatory jurisdictional requirement. Accordingly, the Court will vacate its prior Order.

## I.    Background

The Court has detailed the factual background of this case in prior opinions and will focus its attention on the procedural facts underlying this issue. Kathryn Sack brought this FOIA action to compel the release of records withheld by the CIA in response to a series of requests for records

regarding the agency's practice of administering polygraph tests to prospective employees.  Sack alleges she sought the records to demonstrate sources of inaccuracy and bias in the design and implementation of the testing program.  Compl. ¶ 13–37.  On September 16, 2014, the Court granted in part and denied in part the CIA's renewed motion for summary judgment, finding the bulk of the agency's withholdings to be appropriate.  However, the Court ordered the CIA to disclose certain documents previously withheld under FOIA Exemption 3, and to either provide additional justification for certain withholdings made pursuant to the National Security Act or release those records to Sack.

On December 2, 2014, after several extensions of the disclosure deadline, the parties filed, and the Court granted, a Joint Motion to Vacate the Disclosure and Supplementation Deadline ("Motion to Vacate").  In their joint motion, the parties agreed that the CIA would release certain of the withheld documents in exchange for Sack's withdrawal of her remaining challenge to documents under Exemption 3, thereby "resolv[ing] all outstanding issues in this matter, with the exception of the issue of attorneys' fees."  Joint Mot. to Vacate ¶ 2.  In the Minute Order granting the Motion to Vacate, the Court further ordered the parties to submit a status report on or before January 15, 2015 on the issue of attorneys' fees.  On January 21, 2015, the Court extended the time to file the status report until February 16, 2015, per the parties' request.  The parties then filed the report on February 26, 2015, informing the Court that they had reached an agreement in principle on the attorneys' fees issue.  Subsequently, on March 11, 2015, the parties filed a Notice of Settlement for Costs and Attorneys' Fees.

Up to this time neither party had filed a notice of appeal or requested an extension of time to appeal.  On May 1, 2015, however, Ms. Sack moved *ex parte* to extend the time to notice an appeal pursuant to Federal Rule of Appellate Procedure ("FRAP") 4(a)(5), citing a pending motion in a related D.C. Circuit case which would have affected an appeal of this case.  After the Court granted

Sack's motion on May 4, 2015, she moved to modify the Court's January 21 Minute Order, which granted her an extension of time to file a fee petition, into an extension of time to file an appeal on the merits pursuant to Federal Rule of Civil Procedure ("FRCP") 58(e). The CIA, meanwhile, has moved for reconsideration of the Court's May 4, 2015 Order granting an extension of the appeal deadline.

## II.    Analysis

Under FRAP 4(a)(1)(B), "a notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from." This deadline may be modified only if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." Fed. R. App. P. 4(a)(5). The period within which a notice of appeal must be filed begins to run upon entry of a "final decision." 28 U.S.C. § 1291. "A decision is not final unless it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Blue v. D.C. Pub. Schs., 764 F.3d 11, 15 (D.C. Cir. 2014) (quoting Van Cauwenberghe v. Biard, 486 U.S. 517, 521–22 (1988)). Here, Ms. Sack concedes that the Court's December 2, 2014 Minute Order—which vacated its order requiring the CIA to file a supplemental memorandum—"effectively clos[ed] the case," Pl.'s Mot. for Enlargement of Time [Dkt. No. 51] at 1, and was thus a "final decision" within the meaning of 28 U.S.C. § 1291. At this point, the only remaining issue in the case was attorneys' fees, and the appeal deadline began to run. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199–203 (1988) (holding that a final decision is entered when all merits-related issues have been resolved, without regard to any ancillary disputes regarding costs or attorneys' fees); Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec., 811 F. Supp. 2d 216, 224 (D.D.C. 2011) ("If a court has resolved the merits of a case through a final order and only a statutory request for attorney's fees remains, the merits of the case are no longer pending for appeal purposes and the judgment is considered final and immediately appealable."). Accordingly, the deadline to file an appeal

regarding the merits of this case under FRAP 4(a)(5) was February 2, 2015, sixty days after the

December 2, 2014 Minute Order, and the time to seek an extension of the time to appeal expired on

March 4, 2015, as set forth in FRAP 4(a)(5).

The filing of a timely notice of appeal is both "mandatory and jurisdictional." Browder v.

Dep't of Corr., 434 U.S. 257, 264 (1978).  Neither a district court nor a court of appeals may grant a

further extension of time after the expiration of the thirty-day extension period provided for in

FRAP 4(a)(5). E.g., Ali v. Lyles, 769 F.2d 204, 205 (4th Cir. 1985) (citing Felix v. Cardwell, 545

F.2d 92 (9th Cir. 1976)).  If a district court granted such an extension, the court of appeals would be

required to dismiss the case for lack of jurisdiction. Bowles v. Russell, 551 U.S. 205, 209–13

(2007).  Here, under FRAP 4, Ms. Sack had until March 4, 2015 to move to extend the deadline to

file a notice of appeal.  Her May 1, 2015 request for an extension was therefore untimely.  The

Court must adhere to the mandatory Federal Rules and cannot extend Sack's appeal deadline.

Ms. Sack's arguments to the contrary are unconvincing.  She first contends that FRCP 58(e)

allows the Court to convert her motion for an extension of time to file a fee petition into a FRCP

59(e) motion to alter a judgment, thereby tolling the appeal deadline.  FRCP 58(e) provides:

> Ordinarily, the entry of judgment may not be delayed, nor the time for appeal
> extended, in order to tax costs or award fees.  But if a timely motion for attorney's
> fees is made under Rule 54(d)(2), the court may act before a notice of appeal has
> been filed and become effective to order that the motion have the same effect under
> Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

Fed. R. Civ. P. 58(e).  For Rule 58 to have the tolling effect explained above, two conditions must

be met: (1) a timely motion for attorneys' fees must be made under Rule 54(d)(2), and (2) the court

must exercise its discretion to order that the motion have a tolling effect before a notice of appeal

has been filed and become effective.  Fed. R. Civ. P. 58(e).  As to the first requirement, Sack never

filed a motion for attorneys' fees.  And neither her request for an extension nor the parties'

settlement of attorneys' fees can be treated as a motion for attorneys' fees.  The Federal Rules

contain no ambiguity warranting such a magical transformation, and Sack's argument that policy considerations favor settlement cannot trump the mandatory, and jurisdictional, rules that apply to appeal deadlines. Therefore, the first requirement of Rule 58(e) is not satisfied.

As to the second requirement, Sack maintains that the Court should modify its order extending the time to file a joint status report to reflect what she claims was the Court's intention to extend the appeal deadline. Under this view, her request to extend the deadline to file a status report impliedly requested an extension of the appeal deadline. But Sack never asked that the appeal deadline be extended; rather, she requested an extension of time to inform the Court regarding settlement negotiations because her attorney was suffering from a "persistent illness." Consent Mot. for Extension of Time to File Joint Status Report (Jan 14, 2015). By granting this request, the Court never expressly or impliedly exercised its discretion to extend the appeal deadline. In sum, Sack's argument that the appeal deadline should be tolled lacks merit.[1]

Ms. Sack next suggests that FRCP 58(e) is designed to allow courts of appeals to hear all controversies at the same time and to discourage satellite litigation over fees. She argues that FRCP 58(e) should apply notwithstanding her failure to file a motion for attorneys' fees because it would be judicially efficient and because a contrary holding would force litigators to file motions for appeal prematurely, while settlement negotiations are ongoing. Pl.'s Reply at 2–3. But these are policy arguments for rewriting the Federal Rules, something the Court is in no position to do. And Sack has not considered that an appeals court may consolidate the two appeals at any time, thereby serving judicial economy while still adhering to the Federal Rules of Appellate Procedure.

---

[1] Another member of this Court recently confronted precisely the same issue in another FOIA case brought by Ms. Sack and, for the same reasons, found that the Court lacked jurisdiction to grant an extension of time to appeal after the deadlines set forth in FRAP 4 had expired. See Sack v. Central Intelligence Agency, Order Denying Motion for Extension of Time, Civ. No. 12-244 (EGS), at 9 (D.D.C. July 1, 2015).

Nothing prevented Ms. Sack from filing for both an extension of time to submit a joint status report as well as an extension of time to file a notice of appeal.  In the end, Ms. Sack missed her deadline to file a motion to appeal, and her motion requesting an extension of time to appeal was untimely.  Based on the Court's December 2, 2014 Minute Order, the deadline to notice an appeal was February 2, 2015, and the time to move to extend the deadline expired on March 4, 2015.  Sack missed both deadlines.  Accordingly, the Court's May 4, 2015 Order granting Plaintiff an extension to file her appeal was issued in error and will be vacated.

**III.     Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that [58] Plaintiff's Motion to Modify 1/21/15 Minute Order is DENIED as moot.  It is further

**ORDERED** that [60] Defendant's Motion for Reconsideration is GRANTED.  It is further

**ORDERED** that [63] Plaintiff's Motion to Stay Case is DENIED as moot.   And it is further

**ORDERED** that the Court's May 4, 2015 Order Granting Plaintiff's Motion for Extension of Time to File Notice of Appeal is VACATED.

**SO ORDERED**.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:     August 26, 2015